IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVY CHRISTOPHER WYATT,       )
                              )
           Petitioner,        )
                              )   1:11CV161
           v.                 )   1:07CR322-1
                              )
UNITED STATES OF AMERICA,     )
                              )
           Respondent.        )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Davy Wyatt, a federal prisoner, has brought a Motion [Doc. #29] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner was indicted on five counts of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He later pled guilty to one count of possession of cocaine base with intent to distribute, and the remaining counts were dismissed. Petitioner was sentenced to 262 months of imprisonment. Following an unsuccessful appeal, Petitioner filed his § 2255 Motion. Respondent filed a Response [Doc. #41], which Petitioner followed with a Motion to Amend [Doc. #43], seeking to amend his § 2255 Motion, and a Motion for Extension of Time [Doc. #44], seeking additional time to file a Reply. The Court entered an Order [Doc. #45] denying the Motion to Amend without prejudice to Petitioner filing, within 30 days, a new motion which set out the claims that Petitioner proposed to add. A decision on his request for an extension of time to file his Reply was deferred until Petitioner had filed a new motion to amend or the

---

[1] This and all further cites to the record are to the criminal case.

time for doing so had expired. Petitioner did not file a new motion to amend. Therefore, an Order [Doc. #46] was entered which extended Petitioner's time to file his Reply. Petitioner did file his Reply [Doc. #47] and his § 2255 Motion is now before the Court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

## Claims

Petitioner raises three related claims for relief, all of which are based on the fact that the prosecutor in his case, former Assistant United States Attorney David Folmar, had his license to practice law suspended during the entire case. Petitioner's first claim is labeled "Prosecutorial Misconduct" and states that it was misconduct for Folmar to handle the case while his license was suspended. Petitioner's second claim is labeled "Void Judgement-Lack Subject Matter Jurisdiction." In that claim, Petitioner contends that the Court never had jurisdiction in the case because Folmar appeared in front of the grand jury that indicted Petitioner and because he signed the plea agreement that led to Petitioner's guilty plea and conviction. Finally, Petitioner raises a claim labeled "Fraud" in which he states that Folmar committed fraud by misrepresenting to his superiors and the Court that he was properly licensed to practice law.

## Discussion

Although the practice of law by an unlicensed or improperly licensed prosecutor is an unusual situation, it is not unique or unprecedented. In fact, it has occurred on several occasions in courts across the country. Most courts facing the dilemma have ruled that a defendant does not have a constitutional right to a properly licensed prosecutor, that the prosecution of a case by an unlicensed or improperly licensed prosecutor does not automatically violate a defendant's rights, and/or that a defendant must show some sort of prejudice in order to challenge his

2

conviction.  See Hamilton v. Roehrich, 628 F. Supp. 2d 1033, 1050-54 (D. Minn. 2009); Munoz v. Keane, 777 F. Supp. 282, 284-87 (S.D.N.Y. 1991), aff'd sub nom, Linares v. Senkowski, 964 F.2d 1295 (2d Cir. 1992); People v. Carter, 77 N.Y.2d 95, 106-07, 566 N.E.2d 119, 123-24 (1990); Ali v. Minnesota, Civil No. 09-1389, 2010 WL 145280, at *5 (D. Minn. Jan. 8, 2010). The Court of Appeals for the Fourth Circuit has also made a statement to this effect.  See United States v. McNeill, 389 F. App'x 233, 235 (4th Cir. 2010) (considering a defendant's claim based on Mr. Folmar's lack of a law license, but rejecting that claim by noting that "there was no showing of prosecutorial misconduct" and the defendant had "not shown that he was prejudiced").  At least one court has held that a prosecution pursued by a prosecutor without a proper license is still valid because, although not qualified for her job as a prosecutor, she was nevertheless given the job by the government.  This made her a "de facto officer" whose acts on behalf of the government were valid.  See Parker v. United States, Nos. 4:98CR00236 GH, 4:03CV00058 GH, 2006 WL 2597770, at *13-15 (E.D. Ark. Sept. 8, 2006); United States v. Deaton, Nos. 4:99CR87GH, 4:04CV2252GH, 2005 WL 1922877, at *3-5  (E.D. Ark. Aug. 9, 2005).  In contrast, there is an Illinois state court decision holding that prosecutions by an unlicensed prosecutor are *per se* invalid.  People v. Dunson, 316 Ill. App. 3d 760, 763-70, 737 N.E.2d 699, 702-06 (2000).  However, the court in Dunson relied solely on state, not federal, law and declined to decide whether or not a due process violation had occurred.  No case of which the Court is aware has held that there is a federal constitutional right to a properly licensed prosecutor.

Based on this case law, this Court agrees with the cases concluding that there is no general federal right to a properly licensed prosecutor, and concluding that a defendant or

3

petitioner must ordinarily show prejudice from the lack of licensing in order to raise a claim based on a prosecutor's licensing deficiencies. Petitioner points to no such prejudice. Thus, even if Mr. Folmar's actions constituted "fraud" or "misconduct" as to this Court, his supervisors, and the North Carolina State Bar, they did not harm Petitioner or affect his case. As for Petitioner's claim that jurisdiction was lacking because Mr. Folmar handled his case in front of the grand jury while not licensed, this too fails. The Government states that Mr. Folmar was not actually the one who handled the case in front of the grand jury. Even if he was, although he might well qualify as an "unauthorized" person present before the grand jury, dismissal of the indictment is not automatic when an unauthorized person is present. See United States v. Mechanik, 475 U.S. 66 (1986). Petitioner would still need to show prejudice. See Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (a defendant must show that "'the violation substantially influenced the grand jury's decision to indict' or [that] there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." (quoting Mechanik, 475 U.S. at 78 (O'Connor, J. concurring))). Again, Petitioner has made no such showing. His § 2255 Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #29] be denied and that this action be dismissed.

This, the 6th day of August, 2012.

                                                    /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge